## HITCH *et al. vs.* FRASIER.

The affidavit made in this case for the purpose of dispossessing a tenant holding over after the expiration of his term was in strict accordance with section 4077 of the Code; there were no patent defects in it, and the dismissal, on the ground of patent defects apparent in the face of the paper, was error.

Judgment reversed.

January 26, 1886.

BLANDFORD, Justice.

[The following affidavit was made to recover possession from a tenant holding over after the expiration of his term:

"GEORGIA—Ware County.

Personally appeared before me, M. L. Mershon, judge of the superior court of the Brunswick circuit, S. W. Hitch, who on oath says that he, A. A. Hitch, S. Hitch, C. F. Hitch, R. T. Hitch, M. M. Sweat, A. Hughes and N. Hitch, are the owners of a certain house and parcel of land in Camden county, Georgia, said house and land being a portion of the Colerain tract of land, between Flat Branch and G. A. Mallet's land, and whereon Amos Frasier now resides; that in the year 1882, deponent leased said land and appurtenances to said Amos Frasier for the year 1882; that said Amos Frasier is the tenant of deponent as aforesaid, and that said lease expired on the 31st December, 1882; that deponent desires to have possession of said house and premises from said Frasier; and deponent, through his agent, G. A. Mallet, has demanded the possession of said house and premises after the expiration of the time for which the same was rented as aforesaid; and when possession was so demanded of said Frasier, he refused and still refuses to deliver to deponent's agent, G. A. Mallet, the possession of said house and land."

A warrant issued and a counter-affidavit was filed. On the hearing, the court, on motion, dismissed the warrant, on the ground of insufficiency and patent defects on the face of the affidavit. The plaintiff excepted.]